No. 16-3540

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


CHRISTINE J. FORGUES,

Plaintiff-Appellant,

v.

SELECT PORTFOLIO SERVICING, INC.,

Defendant-Appellee.


ON APPEAL FROM A FINAL JUDGMENT OF THE
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF OHIO.

---

**CORRECTED BRIEF OF APPELLANT
CHRISTINE J. FORGUES**

---

JOHN HERRERA, Esq.
F.B.N.: 0636320
1801 Ponce De León Boulevard
Coral Gables, FL 33134
Tel. (305) 446-1504
Fax (305) 446-1505
Attorney for Appellant.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: __16-3540__          Case Name: __Forgues v. Select Portfolio Servicing,Inc__

Name of counsel: __JOHN HERRERA__

Pursuant to 6th Cir. R. 26.1, __CHRISTINE J. FORGUES__
Name of Party

makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

NO

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

NO

### CERTIFICATE OF SERVICE

I certify that on _____ July 13, 2016 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ __JOHN HERRERA__

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

**6th Cir. R. 26.1**
## DISCLOSURE OF CORPORATE AFFILIATIONS
### AND FINANCIAL INTEREST

(a) **Parties Required to Make Disclosure**.  With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement.  A negative report is required except in the case of individual criminal defendants.

(b) **Financial Interest to Be Disclosed**.

(1)  Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, is a subsidiary or affiliate of any publicly owned corporation not named in the appeal, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal.  A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.

(2)  Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation.

(c) **Form and Time of Disclosure**.  The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this Court, whichever first occurs.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. ii

TABLE OF AUTHORITIES ........................................................................... iv

STATEMENT IN SUPPORT OF ORAL ARGUMENT ......................................... 1

STATEMENT OF JURISDICTION ................................................................. 1

STATEMENT OF ISSUES ........................................................................... 2

STATEMENT OF THE CASE ....................................................................... 3

SUMMARY OF THE ARGUMENT .................................................................. 9

ARGUMENT ............................................................................................ 10

I.   The District Court's judgment conflicts with the Rule 12(b)(6) standard, and Sixth Circuit precedent, by dismissing Plaintiff's central claims under 15 U.S.C. § 1692e. ............................................................. 11

II.  The District Court impermissibly narrowed Congress' broad protections under FDCPA § 1692a(5), by applying claim preclusion to a debt which had been reduced to judgment, in order to dismiss Ms. Forgues' claims. 14

III. The District Court did not apply 15 U.S.C. § 1635 according to its terms in denying Plaintiff's private right of action to dispute a debt based on rescission under the Truth in Lending Act. ........................................ 18

IV.  The District Court improperly dismissed Plaintiff's claim seeking verification under 1692g as "no longer viable." ................................... 21

V.   On the law, genuine issues of material fact remain for trial, as raised by Plaintiff, on her FCRA claim under 15 U.S.C. § 1681s-2(b) (Reasonable Investigation) that render the lower court's granting of summary judgment improper. ......................................................... 24

CONCLUSION ......................................................................................... 29

CERTIFICATE OF COMPLIANCE ............................................................... 31

CERTIFICATE OF SERVICE.................................................................................. 32

ADDENDUM........................................................................................................... 33

A.  DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS....... 33

B.  RELEVENT STATUTES ................................................................................ 35

# TABLE OF AUTHORITIES

## CASES

Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322,
(7th Cir. 1997) .......................................................................................... 15

Bersaw v. Northland Group Inc., No. 14-cv-123-JL, (D. NH 2015) ..................... 26

Bridge v. Ocwen, et al., 681 F.3d 355 (6th Cir. 2012) ............ 1, 7, 12, 14, 15, 17, 20

Brim v. Midland Credit Management, Inc. et al, 795 F. Supp. 2d 1255
(N.D. Ala., 2011) ..................................................................................... 29

Cummings v. City of Akron, 418 F.3d 676, 682 (6th Cir. 2005) ........................... 29

Duncan v. Walker, 533 U.S. 167 (2001) ................................................................ 11

Frey v. Gangwish, 970 F.2d 1516, (6th Cir. 1992) ................................................ 15

Fritz v. Capital Mgmt. Servs., LP, No. 2:12-CV-1725, 2013 WL 4648370
(W.D. Pa. Aug. 29, 2013) ......................................................................... 26

Geary v. Green Tree Servicing, LLC, 2:14-cv-00522, S.D.Ohio (2015) ............... 15

Guyan Int'l, Inc. v. Prof'l Benefits Adm'rs, Inc., 689 F.3d 793
(6th Cir. 2012) .......................................................................................... 11

Harris v. NCO Fin. Sys., No. CIV.A. RDB-13-0259, 2013 WL 6858852,
(D. Md. Dec. 23, 2013) ............................................................................ 26

Hernandez v. Williams, Zinman & Parham, P.C., No. 14-15672
(9th Cir., 07/20/2016) .............................................................................. 16

Hinkle v. Midland et al, No. 15-10398, 11th Cir. 07/11/2016 .............................. 29

Jesinoski v. Countrywide, 135 S.Ct. 790 (2015) ............................................. 19, 20

Korotki v. Attorney Servs. Corp., 931 F. Supp. 1269, 1275-76 (D. Md.
1996), aff'd, 131 F.3d 135 (Table), 1997 WL 753322 (4th Cir. 1997),
cert. denied, 523 U.S. 1118 (1998) .......................................................... 26

Kremer v. Chemical Const. Corp. 456 U.S. 461, 485 (1982) ................................ 15

Ohio ex rel. Boggs v. City of Cleveland, 655 F.3d 516 (6th Cir. 2011) ................ 11

Pintos v. Pacific Creditors Association, 504 F.3d 792 (9th Cir. 2007) .................. 27

Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512
    (6th Cir. 2010) ................................................................................................... 11

TRW, Inc. v. Andrews, 534 U.S. 19 (2001) ............................................................ 11

United States ex rel. Sheldon v. Kettering Health Network, 15-3075
    (6th Cir. 2016) ................................................................................................... 11

## STATUTES

12 U.S.C. § 5512(b)(4)(B) .................................................................................... 16

15 U.S.C. § 1635 .................................................................................... 2, 3, 19, 20

15 U.S.C. § 1635(a) ................................................................................................. 5

15 U.S.C. § 1635(f) ........................................................................................... 5, 19

15 U.S.C. § 1681 et seq., Fair Credit Reporting Act ("FCRA") .............................. 4

15 U.S.C. § 1681b ................................................................................................. 25

15 U.S.C. § 1681b(a)(3)(A) ........................................................ 6, 10, 24, 25, 27, 28

15 U.S.C. § 1681p ................................................................................................... 1

15 U.S.C. § 1681s-2(a) ........................................................................................ 1, 7

15 U.S.C. § 1681s-2(b) ............................................... 1, 3, 6, 7, 8, 10, 18, 20, 29, 30

15 U.S.C. § 1692 et seq.. Fair Debt Collection Practices Act ("FDCPA") .............. 4

15 U.S.C. § 1692a ............................................................................................. 9, 13

15 U.S.C. § 1692a(5) .................................................... 2, 7, 9, 14, 16, 17, 21

15 U.S.C. § 1692c .............................................................................................. 6, 7

15 U.S.C. § 1692d ............................................................................ 7, 10, 20, 30

15 U.S.C. § 1692e ........................................ 2, 7, 8, 10, 11, 12, 14, 18, 20, 21, 25, 30

15 U.S.C. § 1692e(10) ................................................................. 13

15 U.S.C. § 1692e(8) .................................................................. 25

15 U.S.C. § 1692f ................................................................. 6, 7, 8

15 U.S.C. § 1692g ............................... 3, 6, 8, 10, 20, 21, 22, 23, 30

15 U.S.C. § 1692g(a) .................................................................. 21

15 U.S.C. § 1692g(b) .................................................................. 22

15 U.S.C. § 1692h ....................................................................... 6

15 U.S.C. § 1692j ........................................................................ 7

15 U.S.C. § 1692k ....................................................................... 1

15 U.S.C. § 1692k(e) ................................................................. 16

15 U.S.C. § 1692l(b)(6) .............................................................. 16

15 U.S.C. § 1692l(d) .................................................................. 16

15 U.S.C. § 1693a(2) ............................................................. 4, 35

28 U.S.C. § 1291 ......................................................................... 2

28 U.S.C. § 1331 ......................................................................... 2

28 U.S.C. § 1391 ......................................................................... 2

Fair and Accurate Credit Transactions Act ("FACTA"), Pub. L. No. 108-
    159, 117 Stat. 1952 ...................................................... 10, 26, 27

**RULES**

Fed. R. Civ. P. 12(b)(6) ......................................................... 2, 11, 20

**OTHER MATERIALS**

Brief of Amici Curiae Consumer Financial Protection Bureau and
    Federal Trade Commission, Hernandez v. Williams, Zinman &
    Parham, P.C., 9th Cir., No. 14-15672, Dkt. No. 14, filed 08/20/2014 ................ 16

Brief of Amici Curiae Federal Trade Commission and Consumer
    Financial Protection Bureau, Franklin v. Parking Revenue Recovery
    Services, Inc., 7th Circuit Case No. 14-3774, Doc. No. 36, filed
    12/11/2015 ...................................................................................................... 17

Brief of Amicus Curiae Consumer Financial Protection Bureau, Bock v.
    Pressler & Pressler, LLP, 3d. Cir., No. 15-1056 Doc. 003112044301,
    filed 08/13/2015 .............................................................................................. 16

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

The Court should hear oral argument as to whether the District Court erroneously dismissed Plaintiff's *pro se* claim at the pleading stage where she stated all four elements of violation of the FDCPA for false or misleading representations in undisputed communications; Defendant SPS refers to Deutsche Bank as "creditor," which cannot be true under both FDCPA and Bridge v. Ocwen, because purported transfer of the debt from Chase to Deutsche Bank occurred after default. See e.g. Complaint, RE 1 at 5, ¶ 24; SPS's Answer, RE 10 at 332, ¶ 24.

The Court should hear oral argument as to Plaintiff's Count 1 claim cognizable under FDCPA § 1692e(8), "[c]ommunicating … to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," serving as the privately actionable analog to both FCRA §§ 1681s-2(a) (Duty to Provide Accurate Information, for which there is no private right of action) and 1681b(a)(3)(A) (which applies to credit reporting agencies), which supports Plaintiff's claim under FCRA § 1681s-2(b), Reasonable Investigation.

## STATEMENT OF JURISDICTION

The basis for the district court's subject-matter jurisdiction is established pursuant to 15 U.S.C. §§ 1692k, 1681p, which grants the United States District

Courts to hear this action without regard to the amount in controversy, 28 U.S.C. § 1331 for federal question. Venue lies properly in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 as Defendant is either a resident and or conducts business within said district, and all relevant events occurred within said District.

The basis for this court of appeals' venue and subject-matter jurisdiction is established under 28 U.S.C. § 1291 over the final judgment of the United States District Court for the District of Ohio (hereinafter "District Court") entered on April 20, 2016, RE 63, that disposed of all parties' claims. Plaintiff filed her Notice of Appeal, RE 64, that was entered in said District Court on May 20, 2016.

## STATEMENT OF ISSUES

1.  Whether, independent of TILA rescission, the District Court's judgment conflicts with the Rule 12(b)(6) standard, and Sixth Circuit precedent, when it dismissed Plaintiff's claims under § 1692e (false, deceptive, or misleading representation or means) against Select Portfolio Services , ("SPS") for falsely passing itself off as a secured creditor when, as Plaintiff alleged, there is no creditor of Ms. Forgues for whom SPS is collecting.

2.  Whether the District Court impermissibly narrowed Congress' consumer protections under FDCPA § 1692a(5), by applying claim preclusion to a debt which had been reduced to judgment, in order to dismiss Ms. Forgues' claims.

3.  Whether the District Court failed to apply 15 U.S.C. § 1635 according to

its terms in denying Plaintiff's private right of action to dispute a debt based on rescission under the Truth in Lending Act, and therefore improperly:

  a. misallocated to Ms. Forgues the burden to "show that her lender failed to satisfy TILA's disclosure requirements" despite the fact that no suit was filed against her after mailing her TILA Notice of Rescission as required by the plain language of 15 U.S.C. § 1635;

  b. dismissed, as "meritless," Ms. Forgues' claim under 15 U.S.C. §§ 1692e(8) and 1681s-2(b) that SPS failed to identify a disputed debt as disputed on her credit report, a dispute she based, in part, on her previous rescission of the transaction under TILA;

  c. while declining to reach the merits, concluded, in effect, that there was no rescission.

  4. Whether the District Court improperly dismissed Plaintiff's claim seeking verification under § 1692g as "no longer viable."

  5. Whether genuine issues of material fact remain for trial—as raised by Forgues—on her FCRA claim under 15 U.S.C. § 1681s-2(b) (Reasonable Investigation) that render the granting of summary judgment improper.

## STATEMENT OF THE CASE

Consumer-Plaintiff Christine J. Forgues, *pro se*, brought this enforcement action against Defendant Select Portfolio Servicing, Inc. ("SPS") alleging violations

"within the past year" of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.* as amended, and the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.* as amended, relating to a debt arising from a transaction in which she and her late husband ("the Forgueses") sought to borrow money from Chase Bank USA on their principle dwelling for household purposes. See Verified Complaint, RE 1 at 4, ¶ 15. The Forgueses stopped making payments in late 2009. Deutsche Bank, as trustee, purportedly acquired transfer of the debt in May 2010 and obtained a "foreclosure" judgment in 2012, and SPS began to collect the debt for Deutsche Bank beginning around June 1, 2013.

The major premise of the *pro se* complaint (hereinafter the "major premise") was stated in paragraphs 10 through 14 as follows (footnotes in original):

10.    At all times, in connection with the collection of the debt, SPS represents that the debt was in default when obtained.

11.    Defendant SPS is a debt collector falsely passing itself off as a creditor and lender, furnishing information to <u>credit</u> reporting agencies without being an actual <u>creditor</u>[1], without a lawful <u>account</u>[2] to report and without express consent of Plaintiff, and is in the process of collecting another person's alleged debt acquired after alleged default by seizing property rightfully belonging to the Plaintiff that has nothing to do with a 1692a(5) debt. Purchasing evidence of an alleged debt does not allow a debt collector to behave like a creditor.

---

[1] See Addendum, 15 U.S.C. § 1691a.
[2] See Addendum, 15 U.S.C. § 1693a.

12.   This Consumer believes and therefore alleges that Defendant SPS is collecting for a person that merely purchased or acquired evidence of an alleged debt, not an actual debt or "loan" as SPS purports, and throughout SPS's collection activities, SPS's conduct and behavior is unbecoming of a debt collector.

13.   Defendant, by repeatedly using creditor language in outright conflict with debt collection, made materially false, misleading, deceptive statements that would lead a least sophisticated consumer to believe that they were dealing with a creditor when in fact no creditor was involved, and that there was a security interest when in fact there was no security interest involved.

14.   Upon information and belief, Defendant can make no rational argument in law or fact that a creditor is present in collecting the debt, or that there is a security interest to be enforced, or that SPS can report the debt as an "account" on Plaintiff's credit report, or that this complaint seeks review of a state-court judgment.

Ms. Forgues also alleged that on January 7, 2010, within three years of the transaction date, she mailed Chase a "TILA Notice of Rescission," signed by the Forgueses, providing written notice of their intention to immediately rescind the transaction pursuant to 15 U.S.C. §§ 1635(a) **and (f)**. Chase did not file suit against the Forgueses, or return the canceled note, or file a satisfaction of mortgage, or make a return of the Forgueses' money following rescission. RE 1 at 4, ¶ 16.

**FDCPA violations.** Plaintiff sued debt collector SPS for its communications, behavior and conduct for falsely passing itself off as a creditor threatening foreclosure of her personal home in connection with the collection of a consumer debt. For appeal, Forgues contends that the District Court erred in dismissing her claims due to (1) misapplication of the law, the rules of court, and (2) the application

of res judicata. Appellant does not pursue review of dismissed claims for discrete violations of §§ 1692c, 1692f, and 1692h.

**FCRA violations.** For appeal, Forgues alleged that SPS violated one provision of the FCRA: 15 U.S.C § 1681s-2(b), for failure to conduct a reasonable investigation in response to her disputes sent to Equifax, Experian and TransUnion as to whether credit information appearing on her credit reports qualified as an account, as narrowly defined in the FCRA, required for "permissible purpose" to obtain her credit reports. Forgues contends that the District Court erred in granting SPS's motion for summary judgment due to (1) misapplication of the law and the rules of court, and (2) the failure to apply 15 U.S.C. § 1681b(a)(3)(A), and (3) because genuine issues of material fact exist for the trier of fact.

**Procedural history relative to the issues.** SPS moved to dismiss, putting forward two lines of argument: First, to the extent Plaintiff's complaint depends on a finding that she rescinded the underlying mortgage in 2010, such a conclusion is barred by the preclusive effect of a state foreclosure proceeding. Second, to the extent Plaintiff's complaint alleges other FDCPA and FCRA violations those claims are not plausibly pled. See Opinion & Order, RE 21. Ms. Forgues, *pro se*, filed Opposition, RE 9, based upon (1) SPS's failure to cease collection efforts or obtain and provide verification by the creditor which she had demanded under § 1692g, (2) that SPS, in its motion, formally admits it is falsely passing itself off as Ms. Forgues'

creditor by its assertion that "there is a state court judgment in favor of the creditor," (3) that SPS cannot use its state court judgment as a shield to deflect strict liability under the remedial and controlling FDCPA/FCRA because of the extraordinarily broad definition of "debt" under 15 U.S.C. § 1692a(5), and (4) because Sixth Circuit law denies a legal conclusion that SPS can assume the position of both the creditor in state court and the debt collector in federal court as to the "debt" it is attempting to collect. See Bridge v. Ocwen Federal Bank, et al., 681 F.3d 355 (6th Cir. 2012) . Importantly, Plaintiff pointed out that, while there is no private right of action for SPS reporting false information under § 1681s-2(a), SPS "is already liable under § 1692e(8) as claimed—which [was] not even addressed" by SPS in its motion to dismiss. RE 9 at 236; RE 47 at 778. SPS replied that it had no duty to respond to Forgues' Notices of Dispute.

On December 8, 2015, the District Court found that Ms. Forgues failed to state a claim on her grounds for relief under § 1692e (false, deceptive, or misleading representation or means), § 1692f (unfair or unconscionable means), § 1692g (validation of debts), § 1692j (furnishing certain deceptive forms), and the portion of § 1681s-2(b) concerning Identifying Disputed Debts. Her three surviving claims alleged violations of 15 U.S.C. § 1692c, the prohibition on communications with debtors at inconvenient times, 15 U.S.C. § 1692d, the prohibition on harassing or abusive communications, and the portion of 15 U.S.C. § 1681s-2(b) requiring credit

information furnishers to conduct a "reasonable investigation." **See Opinion &
Order, RE 21, granting in part and denying in part defendant's motion to
dismiss, presented for review.**

Ms. Forgues, *pro se*, moved for reconsideration of the District Court's
dismissals or for interlocutory appeal of legal errors. See Motion to Amend the
December 8, 2015 Opinion & Order, RE 26. SPS opposed, RE 31. On March 25,
2016, the District Court denied Plaintiff's motion for reconsideration and further
certified that that there is no good faith ground to appeal the order. **See Opinion &
Order, RE 48, denying reconsideration of dismissal of §§ 1692e, 1692f, 1692g,
1681s-2(b) (Identifying Disputed Debts) and denying interlocutory appeal,
presented for review.** Plaintiff hereby renews her grounds for reconsideration.

Subsequently, Ms. Forgues, through the undersigned, newly-retained counsel,
moved a second time at the invitation of the District Court, RE 36 at 486, to alter or
amend the District Court's December 8, 2015 Opinion & Order. See Motion to
Further Alter or Amend, RE 47. SPS opposed, RE 54, and the District Court denied
the motion to amend. **See Opinion & Order, RE 57, denying Plaintiff's motion to
amend based on FDCPA § 1692e(8) claim, presented for review.** Plaintiff hereby
renews her grounds for reconsideration.

Defendant SPS moved for summary judgment on Ms. Forgues' three
surviving claims. Plaintiff opposed, RE 49, and SPS replied, RE 51. The District

Court granted the Defendant's motion for summary judgment and contemporaneously filed its final Judgment. **See Opinion & Order, RE 62, granting Defendant SPS summary judgment, and final judgment closing the case, RE 63, both presented for review.**

## SUMMARY OF THE ARGUMENT

**FDCPA.** The District Court, going against the broadly defined terms in 15 U.S.C. § 1692a, erroneously accepted the premise that a debt collector can become the secured creditor by reducing the debt to default judgment, and that SPS thereby becomes the mortgage servicer for that secured creditor, and further that such debt "reduced to judgment," § 1692a(5), is res judicata in this FDCPA action. The District Court abused its discretion by disregarding the major premise set out in the complaint that SPS is a debt collector attempting to collect an alleged debt for a person (Deutsche Bank) that is not Ms. Forgues' creditor under the FDCPA as to the debt. SPS violates the FDCPA when it is communicating and acting as if Deutsche Bank is the creditor. The District Court erred when it failed to view Plaintiff's evidence as a whole under her major premise and instead set aside each piece of evidence after deeming it insufficient. When viewed in that light unfavorable to Plaintiff, she was left with a few technical claims, and SPS's communications seem reasonable in trying to assist an unsophisticated consumer with a loan modification to avoid foreclosure—except that there is no creditor. Because there is no creditor

of Ms. Forgues involved in the collection of the alleged debt, ***all of SPS's communications are false and misleading representations***, and therefore the complaint does state a plausible claim for relief under the FDCPA, more specifically §§ 1692d (conduct the natural consequence of which is to harass, oppress, or abuse any person), 1692e (false, deceptive, or misleading representation or means), and 1692g (validation of debt), and the Court should reverse the district court's dismissal of these claims and, <u>in that light</u>, also reverse summary judgment on FDCPA § 1692d claim and remand for further proceedings.

**FCRA.** Additionally, the District Court made an error of law when it was swayed by the Defendant's old case cites instead of applying the FCRA as amended by FACTA, 15 U.S.C. § 1681b(a)(3)(A), as raised by Plaintiff in opposition to SPS's motion for summary judgment. Under that statute, there is a genuine issue of material fact as to whether, under FCRA § 1681s-2(b), SPS conducted reasonable investigations of disputes it received from credit reporting agencies. Plaintiff contended that SPS's investigations were *inherently* not reasonable because they fail to comprehend whether Plaintiff's disputed "account" qualifies as an "account," as narrowly defined in the FCRA.

## ARGUMENT

### Standard of Review

"It is 'a cardinal principle of statutory construction' that 'a statute ought, upon

10

the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" TRW, Inc. v. Andrews, 534 U.S. 19, 31 (2001) quoting Duncan v. Walker, 533 U.S. 167, 174 (2001).

"We review de novo a district court's dismissal of a suit pursuant to Rule 12(b)(6). Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010)." United States ex rel. Sheldon v. Kettering Health Network, 15-3075 (6th Cir. 2016). "We review the district court's grant of summary judgment de novo. Guyan Int'l, Inc. v. Prof'l Benefits Adm'rs, Inc., 689 F.3d 793, 797 (6th Cir. 2012). 'We also review de novo a district court's application of res judicata.'" Ohio ex rel. Boggs v. City of Cleveland, 655 F.3d 516, 519 (6th Cir. 2011) (citation and internal quotation marks omitted).

## I.    The District Court's judgment conflicts with the Rule 12(b)(6) standard, and Sixth Circuit precedent, by dismissing Plaintiff's central claims under 15 U.S.C. § 1692e.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt…" 15 U.S.C. § 1692e. The District Court made a wrong turn early in the case in resolving SPS's Rule 12(b)(6) motion. See Opinion & Order, RE 21. The District Court disregarded the major premise set out in the *pro se* complaint (RE 1 at 2, ¶¶ 10-14) that SPS is a debt collector falsely passing itself off as a creditor attempting to collect a debt for a person (presently Deutsche Bank) that is not "the creditor" under the FDCPA. RE 1

at 5, ¶ 24. As a basis for SPS's motion to dismiss for failure to state a claim, SPS represented its privy, Deutsche Bank, to be "the creditor" of Ms. Forgues. SPS's Motion to Dismiss, RE 8, at 84, 78. Ms. Forgues pointed this out to the District Court in her *pro se* Opposition to SPS's motion to dismiss, RE 9 at 233:

> **[T]he Court need go no further than the first paragraph of SPS's entire Memorandum to witness SPS's formal confession by its attorney that it is falsely passing itself off as a creditor** as averred in Plaintiff's Verified Complaint at ¶11 and 13, and that Plaintiff's verified facts about SPS's conduct and behavior are sufficient to state a plausible claim, to wit: Defendant's motion relies upon several exhibits from its state-court action against this consumer. Plaintiff's FDCPA and FCRA claims do not depend on a state-court action. SPS's exhibits only serve to show how so-far successful SPS has been in its self-described "standard collection and credit reporting activity" in that "there is a state court judgment in favor of the ***creditor*** on the loan entering judgment on the underlying note and ordering foreclosure of the mortgage." Dkt. No. 8 at 1. (Emphasis added.) SPS's motion is a formal admission by its attorneys that sets its violation of the FDCPA/FCRA in cement.

Yet, as late as the District Court's Opinion & Order, RE 57, the court stated "it is not clear that Deutsche Bank's status is even at issue in this case." RE 57 at 1201, fn17. All along, the District Court improperly treated Deutsche Bank as a judgment-creditor, and erroneously put Defendant SPS in a creditor's shoes as its privy, for the purposes of res judicata. This cannot all be true, and is the overarching false, misleading representation that implicates 15 U.S.C. § 1692e:

In Bridge v. Ocwen, this Court held that the terms "debt collector" and "creditor" are mutually exclusive under the FDCPA. The District Court, going

against the clearly defined terms in 15 U.S.C. § 1692a, erroneously accepted that a debt collector (Deutsche Bank) which allegedly received transfer of an alleged consumer debt in default can become a secured creditor by reducing the alleged debt to default judgment, that SPS thereby becomes the mortgage servicer for that secured creditor, and that such judgment is res judicata in this FDCPA action.

Plaintiff argued, RE 26 at 436, that the District Court overlooked Deutsche Bank's acquisition of the debt in default, Plaintiff's Exhibit B, RE 1-2 at 32, and relied on Defendant's Motion to draw inferences against Plaintiff's own factual assertions and major premise set out in the Complaint to dismiss her § 1692e(10) claims. Plaintiff argued, RE 26 at 437, that the District Court's conclusion clearly conflicts with the holding of the Sixth Circuit that creditors and mortgage servicers are *debt collectors* if the creditor or servicer acquired the debt when it was in default or treated the debt as if it was in default at the time of acquisition. The District Court simply stated, "Plaintiff did not show that suggesting a 'deed in lieu of foreclosure' was a cognizable violation of 15 U.S.C. 1692e(10), regardless of Deutsche Bank's characterization under the FDCPA. The claim was properly dismissed." RE 48, top of 867.

The District Court ignored Sixth Circuit precedent and Plaintiff's Exhibit B, RE 1-2 at 32, attached to the complaint, upon which it must be inferred that Deutsche Bank obtained transfer of the debt in default as alleged. It is central to Plaintiff's

complaint that the FDCPA applies to Deutsche Bank as a debt collector, the **person** for whom SPS is collecting. (See Complaint, RE 1, ¶¶ 10-14.) See Bridge, 681 F.3d at 364 ("For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired.") Plaintiff requested immediate appellate review, RE 26 at 438, which was denied.

Ms. Forgues has plausibly pled that SPS used false, deceptive, or misleading representation or means in connection with the collection of a debt, and the error by the District Court in dismissing her § 1692e claim should be reversed.

## II. The District Court impermissibly narrowed Congress' broad protections under FDCPA § 1692a(5), by applying claim preclusion to a debt which had been reduced to judgment, in order to dismiss Ms. Forgues' claims.

15 U.S.C. § 1692a(5) of the FDCPA provides:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, **whether or not such obligation has been reduced to judgment**."

(Emphasis added.) This was raised in Plaintiff's Opposition, RE 9 at 234. Plaintiff argued that the District Court clearly overrode Congress where it gave preclusive effect, under state law, to what can only be considered a "debt" in this private right of action to enforce the extraordinarily broad provisions of the FDCPA according to

its terms. Although a "foreclosure" judgment is central to SPS's would-be defense, the foreclosure action was merely contextual background, and not central to Plaintiff's claims. See Ms Forgues' *pro se* motion for reconsideration, RE 26 at 428; Complaint, RE 1, ¶¶ 18, 19. Plaintiff argued that there is no preclusive effect of the debt. In its denial of reconsideration or immediate appeal, the District Court decided, "Such a fundamental departure from traditional rules of preclusion, enacted into federal law, can be justified only if plainly stated by Congress. Kremer v. Chemical Const. Corp. 456 U.S. 461, 485 (1982). Plaintiff has not identified any such justification for ignoring the touchstone principle of res judicata in the context of the FDCPA or FCRA." RE 48 at 864. Plaintiff pointed out at that FDCPA coverage is not defeated by arguments for loopholes that seek to devour the protections Congress intended, citing Bridge, 681 F.3d at 361. See Plaintiff's *pro se* Motion, RE 26 at 429:

> The Sixth Circuit has determined that, "[t]he Fair Debt Collection Practices Act is an extraordinarily broad statute. Congress addressed itself to what it considered to be a widespread problem, and to remedy that problem it crafted a broad statute." Frey v. Gangwish, 970 F.2d 1516, 1521 (6th Cir. 1992). Because the Court's "actions are guided by the hand of Congress," the Sixth Circuit, as well as other Circuits, have noted that the FDCPA should be applied broadly according to its terms. See, e.g., Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 362 (6th Cir. 2012) ; Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1325 (7th Cir. 1997) (noting that "the plain language of the Act defines 'debt' quite broadly").

Geary v. Green Tree Servicing, LLC, 2:14-cv-00522, S.D.Ohio (2015).

At the suggestion of the Defendant, instead of applying the FDCPA "broadly

according to its terms," the District Court entered into claim preclusion analysis based on state law which conflicts with § 1692a(5). Plaintiff argued in her Opposition, RE 26 at 430, that, according to the Consumer Financial Protection Bureau ("CFPB"),[3] **state law must yield**.

The alleged payment obligation, reduced to "judgment," is specifically defined a "debt" under the FDCPA, 15 U.S.C. § 1692a(5). Thus, the Act looks to the transaction. The consumer may have paid or settled the account with an earlier debt collector. Or she may have successfully disputed the debt.[4] Or she may have rescinded the transaction. Otherwise it would render the provision "whether or not

---

[3] "[T]he Consumer Financial Protection Bureau, [] has delegated rulemaking authority under the FDCPA, and the Federal Trade Commission, which shares concurrent authority to enforce the FDCPA with the Bureau. See 15 U.S.C. § 1692l (setting forth administrative enforcement and rulemaking authority under the FDCPA)." Hernandez v. Williams, Zinman & Parham, P.C., No. 14-15672 (9th Cir., 07/20/2016). "Congress vested authority for administering the FDCPA in the CFPB, which is empowered not only to enforce the Act, but also to promulgate regulations and to issue advisory opinions. 15 U.S.C. §§ 1692k(e), 1692l(b)(6), (d); see also 12 U.S.C. § 5512(b)(4)(B) (addressing deference due to CFPB interpretations of federal consumer financial law). Its interpretation of the Act is therefore entitled to deference." Brief of Amici Curiae Consumer Financial Protection Bureau and Federal Trade Commission, Hernandez v. Williams, Zinman & Parham, P.C., 9th Cir., No. 14-15672, Dkt. No. 14, Page 28 of 42, filed 08/20/2014.
[4] See Plaintiff's Opposition, RE 9 at 237, citing Brief of Amicus Curiae Consumer Financial Protection Bureau, Bock v. Pressler & Pressler, LLP, 3d. Cir., No. 15-1056 Doc. 003112044301, Page 38, filed 08/13/2015; see also Brief of Amici Curiae Consumer Financial Protection Bureau and Federal Trade Commission, Hernandez v. Williams, Zinman & Parham, P.C., 9th Cir., No. 14-15672, Dkt. No. 14, Page 12 of 42, filed 08/20/2014.

such obligation has been reduced to judgment" **superfluous**. The CFPB wrote:[5]

> Congress did not intend the statute to apply narrowly. To ensure comprehensive coverage, it used the broad term "transaction" to refer to the entire range of mutual dealings. Congress also extended the coverage of the statute to "[a]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692a(5) (emphasis added). The district court's decision undermines that inclusive intent.

> By the district court's logic, a consumer's mere failure to pay an obligation arising out of a transaction erases the transaction itself and leaves the consumer without any protection from any subsequent unlawful debt collection practices. That result contravenes Congress's policy determination that a debt under the FDCPA comes about when the underlying obligation to pay arose out of a transaction. When that test is satisfied, as it is here, **Congress intended the consumer to be protected** even if she fails to meet her obligation to pay, and **even if the debt is reduced to judgment**.

Similarly, by the District Court's preclusive logic, a foreclosure judgment erases the transaction itself and leaves the consumer without protection from subsequent unlawful debt collection practices. Plaintiff argued that there is no preclusive effect of the *debt collector* or its privies, RE 26 at 431, asserting that "a **debt holder** or servicer **is a debt collector when it engages in collection activities on a debt that is not, as it turns out, actually owed**." Bridge, 681 F.3d at 361-362 (emphasis added). Importantly, the person for whom SPS is collecting (Deutsche Bank) is also

---

[5] Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau, Franklin v. Parking Revenue Recovery Services, Inc., 7th Circuit Case No. 14-3774, Doc. No. 36, filed 12/11/2015 (emphasis added).

a "debt collector" under the Act. It is another error of law to give, in this action,

preclusive effect under state law to Deutsche Bank as a **debt holder** or servicer

"describing a debt more specifically as a mortgage, loan, or foreclosure" as the court

wrote. Order, RE 21 at 406, fn50. Appellee cannot escape the requirements of the

FDCPA (specifically § 1692e) by characterizing the person for whom they allege to

be collecting as a "creditor," "holder," and "owner", and describing the "debt" they

seek to collect as "mortgage" "loan" because a judgment obtained by a debt collector

is thought to supersede the transaction.

Therefore, the Court's giving preclusive effect to *debt collectors* SPS and

Deutsche Bank as privies in the state court proceeding did not apply the FDCPA

broadly according to its terms and is an error of law which must be reversed.

## III.   The District Court did not apply 15 U.S.C. § 1635 according to its terms in denying Plaintiff's private right of action to dispute a debt based on rescission under the Truth in Lending Act.

The District Court improperly dismissed, as "meritless," Ms. Forgues' claim

under §§ 1692e(8) and 1681s-2(b)[6] (Identifying Disputed Debts) that SPS failed to

identify a disputed debt as disputed on her credit report, a dispute she based, in part,

on her previous rescission of the transaction under TILA. The District Court wrote,

---

[6] This claim is actually brought under FDCPA § 1692e(8), which broadly applies to debt collectors. See Verified Complaint, RE 1 at ¶¶ 43, 72; Plaintiff's motion for reconsideration, RE 47 at 778.

"[a]bsent the allegation that TILA disclosures were missing, Plaintiff has not successfully stated a claim for rescission." RE 48 at 865.

Citing Jesinoski v. Countrywide, 135 S.Ct. 790 (2015), Plaintiff argued that the District Court clearly misallocated to her the burden to "show that her lender failed to satisfy TILA's disclosure requirements" despite the fact that no suit was filed against her as required by the plain language of 15 U.S.C. § 1635 and Jesinoski. RE 26 at 432. The District Court found that "[n]either Chase nor any other bank or servicer responded to the Notice of Rescission." Order, RE 21, bottom of 397. But the court immediately returned to pre-Jesinoski reasoning and ordered that, "Plaintiff necessarily must show that her lender failed to satisfy the Act's disclosure requirements." Order, RE 21, bottom of 397. That conflicts with the plain language of 15 U.S.C. § 1635 and Jesinoski, which place the burden on the lender to take certain action. Thus there is no material issue of fact, and the District Court raises what would be a hypothetical defense against a hypothetical claim for rescission. That cannot operate to legally vacate the Forgueses' rescission **under § 1635(f) *or make it any less plausible***, or make her dispute of the debt on those grounds "meritless" for which the Court decided there is no cause of action. As an error of law, the court's Order turns § 1635 on its head. Motion, RE 26 at 433.

The District Court's ruling deprives Plaintiff of her private right of action, based on her personal knowledge of mailing the TILA Notice of Rescission, to

challenge **"collection activities on a debt that is not, as it turns out, actually owed."** Bridge, 681 F.3d at 361-362; Motion, RE 26 at 435. Whether such a dispute based on Jesinoski is done within thirty days of an initial communication does not make it a "meritless" dispute as the Order states RE 21 at 403, fn37, and twice at 411. Therefore, the Court should reverse dismissal of those claims under FDCPA §§ 1692d, 1692e[7], and 1692g, dismissed as a "meritless dispute."

The District Court, while declining to review the merits of Plaintiff's TILA rescission, improperly concluded on SPS's Rule 12(b)(6) motion that there was no meritorious rescission. Plaintiff has not pled the minimum facts necessary to find that the 2010 letter could have acted as a rescission … the Court GRANTS summary judgment as to Plaintiff's FDCPA and FCRA claims that depend on a finding that the underlying mortgage was rescinded." RE 21, 402-403. Plaintiff argued, RE 26 at 436, that the Order states, RE 21 at 401, that the "question of rescission could have been raised as a defense to the foreclosure action . . . precluding this court from relitigating the question of whether the 2010 letter rescinded the mortgage." There is no "question" litigated under 1635. This again is an improperly stated rule of law, going against the plain language of §§ 1635, 1692a(5), and 1692e to Plaintiff's

---

[7] This includes the claim, erroneously attributed to FCRA § 1681s-2(b) (Identifying Disputed Debts), includable under FDCPA § 1692e(8) for "failure to communicate that a disputed debt is disputed."

prejudice which should be reversed. <u>See</u> Order, RE 21 at 403, fn.37.

**IV.    The District Court improperly dismissed Plaintiff's claim seeking verification under 1692g as "no longer viable."**

This issue first arose as an affirmative ***defense*** where SPS sought dismissal of Plaintiff's § 1692g claim (for failure to verify the debt) because each of Ms. Forgues' four notices of dispute were sent "well outside the 30-day period required under 15 U.S.C. § 1692g and SPS had no duty to respond." RE 8, top of 90. SPS pointed out the letter from SPS attached to the Complaint as Exhibit B, RE 1-2 at 30, which states SPS became the servicer of her loan on June 1, 2013. But ***SPS did not affirmatively show that this was in fact its initial communication or that it contained either the required statement under 1692g(a), or 1692e(11) that a subsequent communication is from a debt collector***. Plaintiff, *pro se*, opposed, RE 9 at 237, asserting the CFPB's position that the notice requirement under 1692g(a) "only gives consumers the right to receive this notice; it does not give debt collectors any right to assume a debt's validity." SPS replied, RE 15 at 360, that the duty to respond is not triggered unless the consumer actually disputes the debt within the 30-day period. Surprisingly, the District Court granted dismissal by taking notice of an unauthenticated letter, Exhibit 8-9 introduced by SPS, ***which does not contain the 1692g(a) notice either***, finding that SPS's initial communication with Plainitiff

was as early as May 2013. [8] <u>See</u> Opinion & Order, RE 21 at 406. (Plaintiff did not allege the "initial communication.") Appellant draws the Court's attention to how the District Court cited the statute there:

> Under 15 U.S.C. 1692g, a debt collector's initial communications with a consumer must state that the consumer has a thirty-day period in which to demand verification of the debt. "If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment." 15 U.S.C. § 1692g(b).

Id. at 406. The District Court inserted two ellipses and omitted the dependent phrase, "described in Subsection (a)"—the notice "statement" requirement—at the first ellipsis. Ms. Forgues, *pro se*, moved for reconsideration, RE 26 at 438:

> [T]he Court clearly erred in dismissing Plaintiff's 1692g claims: SPS's May 2013 communication, exhibited by Defendant as Dkt. No. 8-9, nowhere contains the above notice required by 1692g above to begin the 30-day period in which to demand verification of the debt.[9] Plaintiff had a right to receive, but did not receive, the 1692g notice in the initial communication or within five days which begins the 30-day period. Plaintiff elected to begin enforcement the FDCPA by mailing SPS her first Notice of Dispute. Plaintiff raised the CFPB's opinion in this context in her Opposition, Dkt. 9, middle of p. 6, that, "There could be any number of reasons why a consumer would not respond" and that the provision "only gives consumers a right to receive this notice; it

---

[8] The court inserted a footnote here, "Id. at ¶ 91; Doc. 1-2." referring to the complaint, Doc 1. However that paragraph does not appear to have anything to do with this issue.

[9] The Court also fails to consider the assignment to Deutsche Bank while in default, which also did not contain the required notice under 1692g. <u>See</u> "Assignment" dated 14 May 2010, Exhibit B of the Complaint, RE 1-2 at 32.

does not give debt collectors any right to assume a debt's validity." For violator SPS to insinuate (because nobody is willing to come forward and verify the debt) that if the consumer doesn't respond within 30 days, because the debt collector has withheld, concealed, or overshadowed the notice, that SPS and Deutsche Bank are home free and can continue to violate federal law with impunity and deceive the consumer forever, is against the clear purpose and extraordinarily broad protections of Congress *for the consumer*. SPS offers no admissible evidence that contradicts the Verified Complaint or that the Court can take to infer against the Plaintiff's pursuit of verification of the debt. Dismissal of her claims under 1692g must be reversed.

In denying reconsideration, RE 48 at 868, the District Court misstated Plaintiff's argument, and then misallocated the burden to Plaintiff (1) to have alleged that the initial communications from SPS failed to give notice of the 30-day requirement, and (2) to have shown that the 30-day window can be tolled for this length of time. But the 30 day period never began, because "the thirty-day period described in Subsection (a)" begins with the "statement" required in Subsection (a), which is not evident in Exhibit 8-9 to support SPS's position. The statute does not say whether or when Consumer-Plaintiff's right to receive that initial notice expires, but there can be only one initial communication, and SPS did not <u>affirmatively</u> show that <u>**the**</u> notice was provided. **The Act does not specify that a consumer in fact loses her right to require verification merely because the consumer did not dispute the debt within 30 days of <u>the</u> initial communication.** The FDCPA is more remedial than to allow a debt collector to avoid a dispute simply by not giving the required statement in its initial communication. The District Court impermissibly

turns the Act's protections around backwards, and dismissal of Plaintiff's claim under § 1692g is plausible and its dismissal at the pleading stage should be reversed.

**V.     On the law, genuine issues of material fact remain for trial, as raised by Plaintiff, on her FCRA claim under 15 U.S.C. § 1681s-2(b) (Reasonable Investigation) that render the lower court's granting of summary judgment improper.**

The FCRA, which regulates access to individuals' consumer reports (commonly known as credit reports), does not permit the retrieval of a consumer report in connection with the collection of <u>any</u> debt. Rather, as the text of 15 U.S.C. § 1681b(a)(3)(A) indicates, that is permitted only when the report is to be used in connection with the collection of an "account." Plaintiff's Opposition to Summary Judgment, RE 49 at 878. The District Court failed to apply § 1681b(a)(3)(A) as raised by Ms. Forgues in her Opposition to SPS's Motion for Summary Judgment, RE 49 at 878, to the facts. Because of that error of law, the District Court did not view the facts and draw all reasonable inferences from those facts in favor of Ms. Forgues, the non-moving party.

The District Court concluded:

> "There is no requirement that a line of credit, like a mortgage, be an "account" as defined in the FCRA to be furnished to a CRA and listed on a credit report. Thus, there is no requirement to investigate, reasonably or not, whether the line of credit is an "account" as defined in the FCRA."

RE 62 at 1230. The District Court erred where it disregarded the facts and the law

asserted in the record that the statutory term "account" is tied to whether or not SPS

had a "permissible purpose" to request Ms. Forgues' credit reports. This was the

reason Ms. Forgues wanted SPS to reinvestigate, as stated in her Opposition to

Summary Judgment:

> On May 19, 2015, Plaintiff discovered that the debt she had disputed with SPS was being wrongfully reported as an "<u>account,</u>" in her Experian credit report. Further, the debt was not reported as disputed, all of which appeared to be a violation of the FDCPA.[10] Accordingly, Plaintiff disputed SPS's reporting of an "account" with the CRAs. Importantly, on May 29, 2015, Ms. Forgues discovered from TransUnion[11] that SPS had *requested her credit report four times* using that "account" information as its purported <u>permissible purpose,</u> in order to be able to request her credit report without her permission. Plaintiff thought this appeared to be a violation of the FCRA, 15 U.S.C. § 1681b.[12]

Plaintiff's Opposition to Summary Judgment, RE 49, pp. 878-885 (footnotes in

_____

[10] 15 U.S.C. § 1692e provides that, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: * * * (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

[11] See Exhibit S, p. 11, [RE 50-6, top of 962,] ("Requested On: 03/16/2015, 12/24/2013, 09/24/2013, 06/25/2013 Permissible Purpose: TO ACQUIRE/SERVICE/INSURE ACCOUNT.")

[12] The FCRA, which regulates access to individuals consumer reports (commonly known as credit reports), does not permit the retrieval of a consumer report in connection with the collection of <u>any</u> debt. Rather, as the text of § 1681b(a)(3)(A) indicates, that is permitted only when the report is to be used in connection with the collection of an "account."

original under different numbers). This is ***not*** to say that a *furnisher* under FCRA

cannot *furnish* credit information without an account. But, the terms "credit" and

"account" were not defined in the FCRA until 2003, when Congress adopted the Fair

and Accurate Credit Transactions Act ("FACTA"), Pub. L. No. 108-159, 117 Stat.

1952 (codified as amended in scattered sections of 15 U.S.C. and 20 U.S.C.)

Of the few courts that have considered the "account" issue, SPS held out

Harris[13] (which the District Court cited at RE 57 at 1202, fn22) as a "good example."

RE 47 at 1072, 1073. It is not. The Harris court got off on the wrong foot by basing

its premise on a pre-FACTA decision[14], to state, "[a]s this Court has clearly held,

collection of a debt is a permissible purpose. Korotki, 931 F. Supp. at 1276."

Compare with Bersaw,[15] cited at RE 49, p. 885. Then the Harris court quoted Fritz[16],

also cited by SPS. In the Fritz case, the court agreed that (1) they had no appellate

_____

[13] Harris v. NCO Fin. Sys., No. CIV.A. RDB-13-0259, 2013 WL 6858852, at *3 (D. Md. Dec. 23, 2013) (FCRA applies to credit card accounts even if they do not meet the definition of account in § 1693a(2)); Fritz v. Capital Mgmt. Servs., LP, No. 2:12-CV-1725, 2013 WL 4648370, at *5 (W.D. Pa. Aug. 29, 2013) (same);
[14] Korotki v. Attorney Servs. Corp., 931 F. Supp. 1269, 1275-76 (D. Md. 1996), aff'd, 131 F.3d 135 (Table), 1997 WL 753322 (4th Cir. 1997), cert. denied, 523 U.S. 1118 (1998) (holding that § 1681b applies to credit reporting agencies and to users of those reports).
[15] Bersaw v. Northland Group Inc., No. 14-cv-123-JL, (D. NH 2015) ("Significant to this case, however, is that the FCRA does not permit the retrieval of a consumer report in connection with the collection of any debt, as Northland suggests … there may be reason to doubt the view expressed in Harris and like cases.")
[16] Fritz v. Capital Mgmt. Servs., LP, No. 2:12-CV-1725, 2013 WL 4648370, at *5 (W.D. Pa. Aug. 29, 2013).

guidance on the matter, and (2) several other Circuit courts had found a different meaning of the word "account" than Congress specified, and (3) they first looked to statutory construction rules but then decided to glean the meaning of the word from the broader context of the statute **even though there was no finding that the statute was ambiguous**.

The Ninth Circuit ruled, "FACTA makes clear that *debt collection is a permissible purpose for obtaining a credit report under section 1681b(a)(3)(A) only in connection with a 'credit transaction' in which a consumer has participated directly and voluntarily*." Pintos v. Pacific Creditors Association, 504 F.3d 792 (9th Cir. 2007).

Reading the two definitions of "credit" and "account" together appears to leave a permissible purpose open only to true creditors who become so by consent of the consumer from a personal savings, checking or other type of bank account, not a commercial transfer of a defaulted debt, as here. Ms. Forgues alleged that:

> SPS did not have a permissible purpose for obtaining Plaintiff's consumer report. The FCRA does not permit the retrieval of a consumer report in connection with the collection of any debt, but Defendant SPS did so willfully and negligently anyway. SPS had reckless disregard of a requirement of FCRA as to whether it had a permissible purpose for requesting Plaintiff's report.

Plaintiff's Motion, RE 47 at 783 quoting Complaint, RE 1 at ¶ 25. Ms. Forgues averred in her Declaration, RE 49-1 at 892, ¶ 17, that she never opened any account with either Defendant SPS or its privy Deutsche Bank, the person SPS is purportedly

collecting for.

The District Court erred where it concluded that, "Plaintiff does not argue that SPS's record searches to verify Plaintiff's identity were inadequate or unreasonable." RE 62 at 1229. But see Plaintiff's Opposition to Summary Judgment, RE 49 at 878, "SPS's investigations were inherently not reasonable because they fail to address whether a disputed 'account' qualifies as an 'account,' as narrowly defined in the FCRA." Plaintiff did not dispute the investigation process SPS used, but the record supports an inference that the system used by SPS's employees to "verify" Ms. Forgues' account as belonging to her does not contemplate whether an item qualifies as an "account" in the first place. And whether SPS was entitled to report the information as "verified" because Ms. Forgues did not submit a "fraud package"—as evidence, for example, that her dispute was disingenuous—is not dispositive at summary judgment.

Section 1681b(a)(3)(A) states that qualified persons can obtain a credit report if it relates to an account as defined by these statutes. The term "account" is defined by reference in this statute "and no other" type of account can provide a basis to obtain a credit report. The words "debt" and "loan" are conspicuously absent from 1681b(a)(3)(A), and the District Court made an error of law in granting summary judgment in favor of SPS where it concluded that "[i]n the absence of any evidence that Defendant's investigation was anything other than reasonable under the

28

circumstances, Plaintiff has not grounds for relief under Section 1681s-2(b)." RE 62 at 1231. There are material facts in dispute upon which a reasonable jury could find that SPS violated the FCRA with respect to SPS's investigation of Ms. Forgues' dispute of an "account" erroneously attributed to her as a "permissible purpose" for SPS to obtain her credit report. See Hinkle v. Midland et al, No. 15-10398, 11th Cir. 07/11/2016. ("A reasonable jury could find that such a cursory investigation was unreasonable on the facts of this case.") See also Brim v. Midland Credit Management, Inc. et al, 795 F. Supp. 2d 1255 (N.D. Ala., 2011). If presented with SPS's institutional ignorance of what an FCRA "account" is in light of Ms. Weinberger's March 21, 2106 deposition testimony (see Opposition to SPS's Motion for Summary Judgment, RE49 at 880), a reasonable jury could find that "reviewing SPS's electronic computer system records to confirm whether the information in the account records matches the information listed in the dispute," was not a reasonable investigation (See Declaration of SPS's Ms. Weinberger, RE 43-1 at 577, ¶17). Where, as here, this record as a whole could lead a rational trier of fact to find for the non-moving party, Ms. Forgues, a grant of summary judgment cannot be affirmed. See Cummings v. City of Akron, 418 F.3d 676, 682 (6th Cir. 2005).

## CONCLUSION

For the foregoing reasons, the judgment of the District Court, dismissing Ms.

Forgues' claims under 15 U.S.C. §§ 1692e, 1692g, and 1681s-2(b) (Identifying Disputed Debts), and granting summary judgment to SPS on Ms. Forgues' claims under §§ 1692d and 1681s-2(b) (Reasonable Investigation), should be reversed and the case remanded for further proceedings.

Respectfully submitted,

By: _/s/ JOHN HERRERA_____

/s/ JOHN HERRERA
JOHN HERRERA, Esq.
F.B.N.: 0636320
1801 Ponce De León Boulevard
Coral Gables, FL 33134
Tel. (305) 446-1504
Fax (305) 446-1505
Attorney for Appellant.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff-Appellant, Christine J. Forgues, certifies pursuant to Fed. R. App. P. 32(a)(7)(C) that the Brief of Appellant complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this Brief is 30 pages and, according to Microsoft Word 2011, contains 7,309 words including footnotes excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

In addition, this Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011, Times New Roman font in 14-point size, with footnotes also in Times New Roman font 14-point size.

<u>/s/ JOHN HERRERA</u>
JOHN HERRERA
Attorney for Appellant.

DATED: August 16, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2016, a copy of the foregoing BRIEF OF APPELLANT CHRISTINE J. FORGUES was filed electronically with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the counsel of record.

/s/ JOHN HERRERA
JOHN HERRERA
Attorney for Appellant.

# ADDENDUM

## A. DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Record | Document Description | PageID# |
|---|---|---|
| RE 1 | Verified Complaint with jury demand | 0001-0026 |
| RE 1-2 | Exhibit B Letter from SPS dated 4/29/15 | 0030-0033 |
| RE 8 | SPS's Motion to dismiss for failure to state a claim | 0072-0096 |
| RE 9 | Plaintiff's Opposition to SPS's 8 Motion | 0231-0240 |
| RE 15 | SPS's Reply in support of its 8 Motion | 0356-0363 |
| RE 21 | Opinion & Order signed by Judge James S. Gwin on 12/8/15 granting in part and denying in part defendant's 8 Motion to dismiss | 0396-0412 |
| RE 26 | Plaintiff's Motion for reconsideration of the court's 12/8/15 Opinion & Order RE 21 or interlocutory appeal | 0424-0441 |
| RE 31 | SPS's Opposition to 26 Motion for reconsideration | 0461-0468 |
| RE 43 | SPS's Motion for summary judgment | 0545-0571 |
| RE 47 | Plaintiff's Motion to further amend the court's 12/8/15 Opinion & Order | 0774-0791 |
| RE 48 | Opinion & Order signed by Judge James S. Gwin on 3/15/16 denying Plaintiff's 26 Motion for reconsideration, and certifying that there is no good faith ground to appeal this order. | 0862-0868 |
| RE 49 | Plaintiff's Opposition to SPS's 43 Motion for summary judgment | 0869-0888 |

| RE 49 | Declaration of Chritine J. Forgues in Opposition to SPS's <u>43</u> Motion for summary judgment | 0889-0893 |
| RE 50-6 | Exhibit "S" TransUnion Credit Report 05/29/2015 | 0952-0965 |
| RE 51 | SPS's Reply in support of its <u>43</u> Motion for summary judgment | 0996-1012 |
| RE 54 | SPS's Opposition to Plaintiff's <u>47</u> Motion to further amend the court's 12/8/15 Opinion & Order | 1070-1077 |
| RE 57 | Opinion & Order signed by Judge James S. Gwin on 4/15/16 denying plaintiff's <u>47</u> Motion to amend | 1198-1203 |
| RE 62 | Opinion & Order signed by Judge James S. Gwin on 4/20/16 granting SPS's <u>43</u> Motion for summary judgment. | 1215-1231 |
| RE 63 | Judgment signed by Judge James S. Gwin on 4/20/16 terminating this action under Rule 58. | 1232 |
| RE 64 | NOTICE OF APPEAL to the Sixth Circuit Court of Appeals from the 63 Judgment of 4/20/16, filed by Christine J. Forgues. (Filing fee of $505 paid, receipt Number 0647-7631139)(Herrera, John). (Entered: 5/20/2016) | 1233 |

## B.    RELEVENT STATUTES

**15 U.S.C. § 1691a** - Definitions; rules of construction.  (e) The term "creditor" means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

**15 U.S.C. § 1693a** – Definitions.  (2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) [1] of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

**15 U.S.C. § 1692e - False or misleading representations**
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the col- lection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

**15 U.S.C. § 1681s–2 - Responsibilities of furnishers of information to consumer reporting agencies**

(b) Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

(2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i (a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.