No. 16-3540

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CHRISTINE J. FORGUES,

Plaintiff-Appellant,

v.

SELECT PORTFOLIO SERVICING, INC.,

Defendant-Appellee.

On appeal from a final judgment of the
United States District Court, Northern District Of Ohio.
(District Court Case No.: 1:15-cv-01670)

_____

**REPLY BRIEF OF APPELLANT
CHRISTINE J. FORGUES**

_____

JOHN HERRERA, Esq.
F.B.N.: 0636320
1801 Ponce De León Boulevard
Coral Gables, FL 33134
Tel. (305) 446-1504
Fax (305) 446-1505
Attorney for Appellant.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................... ii

TABLE OF AUTHORITIES .............................................................iv

ARGUMENT .................................................................................1

I.  THE DISTRICT COURT IMPROPERLY DISMISSED FORGUES'
    FDCPA CLAIMS FOR FAILURE TO STATE A CLAIM. ...........................1

    A.  Plaintiff's factual allegation that there is no creditor raises a right
    to relief on Forgues' § 1692g validation and § 1692e claims for
    false or misleading means or representations above the
    speculative level. ..................................................................1

    B.  Forgues' private right of action under FDCPA § 1692e(8) was
    improperly dismissed as if brought under its analog, FCRA
    § 1681s-2(a), under which there is no private right of action. ..............5

    C.  Res judicata: SPS's whole argument conflates "state court
    judgments" with Forgues' argument that state law must yield to
    the FDCPA to further the Act's purpose to promote consistent
    State action. ........................................................................6

    D.  Forgues' Rescission under Truth in Lending Act: SPS's
    argument and case cites depart from the plain and unambiguous
    language of § 1635. ...............................................................7

II.  THE DISTRICT COURT IMPROPERLY GRANTED SUMMARY
     JUDGMENT ON THE FCRA FAILURE TO CONDUCT A
     REASONABLE INVESTIGATION CLAIM. ...................................7

III. FORGUES CONCEDES THAT SHE MAY HAVE WAIVED
     ARGUMENT ON HER FDCPA CLAIM ALLEGING ABUSIVE
     AND HARRASIVE CONDUCT UNDER § 1692d. ...................................13

CONCLUSION ...........................................................................13

CERTIFICATE OF COMPLIANCE...............................................15

CERTIFICATE OF SERVICE ...............................................................................16

# TABLE OF AUTHORITIES

## CASES

Allen v. Lustig, Glaser & Wilson P.C., No. CV 15-30052-MGM, 2016
    WL 54192 (D. Mass. Jan. 5, 2016) .........................................................9

Bersaw v. Northland Group, Inc., No. 14-cv-123-JL, (D.N.H. 3/11/2015) .............9

Bridge v. Ocwen, et al., 681 F.3d 355 (6th Cir. 2012) ...............................................4

Fritz v. Capital Mgmt. Servs., LP, No. 2:12-CV-1725, 2013 WL 4648370
    (W.D. Pa. Aug. 29, 2013).....................................................................9

Hasbun v. County of Los Angeles, 323 F.3d 801 (9th Cir. 03/20/2003) ...............11

Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008)................6

Janetos v. Fulton Friedman & Gullace, LLP, 15-1859 (7th Cir. 2016)....................4

Jensen v. Pressler & Pressler, 14-2808 (3d Cir. 2015) ...............................................6

Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790 (2015) ........................7

Pintos v. Pacific Creditors Association, No. 04-17485 (9th Cir. 2010) .................10

Valle v. RJM Acquisitions, LLC, 3:12-cv-00957 (D. Conn. 02/19/2015)............8, 9

## STATUTES

15 U.S.C. § 1635 ..........................................................................................................7

15 U.S.C. § 1681b(a)(3)(A) ........................................................................ 6, 8, 11, 12

15 U.S.C. § 1681s-2(a) ................................................................................................5

15 U.S.C. § 1681s-2(b) ......................................................................................... 12, 13

15 U.S.C. § 1692a ........................................................................................................8

15 U.S.C. § 1692a(4) ...................................................................................................2

15 U.S.C. § 1692e(10) ...............................................................................................11

15 U.S.C. § 1692e(8) ...............................................................................................5, 11

15 U.S.C. § 1692g(a)(2)........................................................................2, 12

Plaintiff-Appellant Christine J. Forgues, by and through her undersigned attorney, respectfully submits this her reply to the brief of Appellee Select Portfolio Servicing, Inc. ("SPS").

## ARGUMENT

**I.   THE DISTRICT COURT IMPROPERLY DISMISSED FORGUES' FDCPA CLAIMS FOR FAILURE TO STATE A CLAIM.**

**A.   Plaintiff's factual allegation that there is no creditor raises a right to relief on Forgues' § 1692g validation and § 1692e claims for false or misleading means or representations above the speculative level.**

SPS attempts to minimize the significance of Ms. Forgues' *pro se* factual allegations that ***there is no creditor*** by arguing that Forgues made no allegation that Deutsche Bank is a debt collector, and that the District Court did not make any findings as to whether Deutsche Bank was or was not a debt collector. See Appellee Brief at 18. The District Court agreed with SPS that it's not plausible that there is anything false, deceptive, or misleading in SPS's standard collection and credit reporting activity about Deutsche Bank foreclosing Ms. Forgues' note and mortgage. This is in spite of the allegation that SPS's statements "would lead a least sophisticated consumer to believe that they were dealing with a creditor when in fact no creditor was involved." Verified Complaint, RE 1, ¶13. Further, SPS argues that an entity is classified as debt collector or creditor for purposes of liability under the

FDCPA. See Appellant's Brief at bottom of page 12

SPS's argument is only partially correct. Congress requires a **creditor** at the threshold of debt collection and reporting activity. The Fair Debt Collection Practices Act ("FDCPA"), provides in relevant part:

> § 1692g. Validation of debts [Section 809 of Pub. Law]
>
> (a) Notice of debt; contents—Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> **(2)  the name of the <u>creditor</u> *to whom the debt is owed*;**

15 U.S.C. § 1692g(a)(2) (emphasis added).

The clear and unambiguous language of §1692g(2) requires "the name of the creditor to whom the debt is owed" be provided by each debt collector to the consumer *subsequent to* the initial communication **<u>*unless*</u>** contained in the initial communication. The FDCPA defines the term "creditor". See 15 U.S.C. § 1692a(4). The consumer is entitled to that information regardless of whether validation of the debt is sought within thirty days. It therefore follows that SPS providing the name of a debt buyer, loan holder, mortgage holder, note owner as trustee for certificate holders, assignee, judgment holder, debt owner, or like person or entity,  who is not "the creditor to whom the debt is owed" under the FDCPA is plausibly a false, deceptive, and misleading representation subsequent to the initial communication.

Substantial competent evidence exists which demonstrates that SPS sent subsequent communications to Forgues and actually responded to her validation requests for the name of the creditor, specifically under § 1692g(a)(2), with letters that do not contain the name of the creditor to whom the debt is owed, but provide that Deutsche Bank is sometimes referred to as "creditor." See e.g., Complaint, RE 1 at 5, ¶ 24; SPS's Answer, RE 10 at 332, ¶ 24. Forgues was not satisfied to say the least, and SPS did not cease collection and credit reporting activity.

In the District Court and in her Brief, Plaintiff argued against the premise that SPS's privy[1], Deutsche Bank as trustee for certificate holders, having received transfer of the debt in default, can become a secured creditor by reducing the alleged debt to default judgment. See Appellant's Brief at 12-14; See also allegations of default, RE 1, ¶¶ 10-14, 36; Plaintiff's Exhibit B, Assignment of Mortgage, RE 1-2 at 32.

The facts determine how the FDCPA treats assignees such as Deutsche Bank, not whether Forgues made the allegation that Deutsche Bank is a debt collector:

> Our analysis of § 1692a(6) parallels the holdings of other circuits that have addressed the issue. See, e.g., FTC v. Check Investors, Inc., 502 F.3d 159, 171-73 (3d Cir. 2007); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003) ("In other words, the Act treats assignees as debt collectors if the debt sought to be collected was in

---

[1] Nowhere in the record does Ms. Forgues argue that SPS was not in privity with Deutsche Bank. Rather, the argument was that SPS cannot hold itself out to be in privity with "the creditor." See Appellant's Brief, top and bottom of 12.

default when acquired by the assignee, and as creditors if it was not."). Bridge v. Ocwen, et al., 681 F.3d 355, fn4 (6th Cir. 2012).

Appellee responds to the topic of initial communication by arguing that "Forgues' Complaint simply did not allege that SPS failed to provide the notice required under § 1692g or that Forgues submitted her notices of dispute within the 30-day statutory time limit." See Appellee's Brief at 19. SPS doesn't demonstrate how a consumer loses her right after 30 days to challenge each successive subsequent communication and monthly billing statement because there is no creditor. See Appellant's Brief at 23.

In Janetos v. Fulton Friedman & Gullace, LLP, 15-1859 (7th Cir. 2016), Plaintiffs brought suit alleging that defendant had violated §§ 1692e, 1692e(10), and 1692g(a)(2) of the Act by failing to disclose the current creditor's name:

> Portions of § 1692e are drafted in broad terms, prohibiting the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." For such claims, we must assess allegedly false or misleading statements to determine whether they could have any practical impact on a consumer's rights or decision-making process-that is, whether they represent the kind of conduct the Act was intended to eliminate.

> For § 1692g(a)(2), however, that decision has been made for us. In enacting § 1692g(a)(2), Congress determined that a debt collector must include in its § 1692g(a) notice "the name of the creditor to whom the debt is owed." With that specific disclosure requirement, Congress decided that the failure to make the disclosure is a failure the Act is meant to penalize. The undisputed facts show such a failure here. Since § 1692g(a)(2) clearly requires the disclosure, we decline to offer debt collectors a free pass to violate that provision on the theory that the

4

disclosure Congress required is not important enough.

Id.

**B.    Forgues' private right of action under FDCPA § 1692e(8) was improperly dismissed as if brought under its analog, FCRA § 1681s-2(a), under which there is no private right of action.**

SPS mistakenly lists a claim under § 1681s-2(a)—for reporting inaccurate information and without providing notice that the information was disputed—as one properly dismissed by the District Court. <u>See</u> Appellant's Brief at 5. Section 1692e(8) is specifically cited at RE 1, ¶¶48, 72, PageID ## 11, 18. As Forgues has argued at great length in the District Court and also on page 7 of her initial Brief, the claim that *debt collector* SPS communicated to credit reporting agencies credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, was properly brought under FDCPA § 1692e(8) and <u>not</u> under FCRA § 1681s-2(a) for which she has already conceded there is no private right of action. What is really going on here is that SPS did not address § 1692e(8) in its motion to dismiss, or in reply to Forgues' *pro se* Opposition, RE 9, where Forgues specifically drew the distinction and pointed out that SPS was "already liable under § 1692e(8) as claimed." SPS attempts to avoid this because SPS loses the blanket insulation from liability that a furnisher has under the FCRA because 15 U.S.C. § 1681b(a)(3)(A) pertains to the consumer reporting agency and not to the collector or furnisher of information.

C.  **Res judicata: SPS's whole argument conflates "state court judgments" with Forgues' argument that state <u>law</u> must yield to the FDCPA to further the Act's purpose to promote consistent State action.**

SPS has no support in the record that Forgues argued that "*state court judgments*" must yield to the FDCPA, Forgues did not argue that. SPS's whole argument conflates "state court judgments" with Forgues's argument that state <u>*law*</u> must yield to the FDCPA. <u>See</u> Appellant's Brief at 16. Further, SPS asserts that "[t]he foreclosure litigation involved the same parties as in this litigation." The nature of this suit is that Ms. Forgues is acting on behalf of all consumers because "the FDCPA enlists the efforts of sophisticated consumers . . . as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." <u>Jensen v. Pressler & Pressler</u>, 14-2808 (3d Cir. 2015) quoting <u>Jacobson v. Healthcare Fin. Servs., Inc.</u>, 516 F.3d 85, 91 (2d Cir. 2008). <u>See</u> Appellee's Brief at 12. The District Court's application of res judicata under Ohio law, which does not require a creditor and therefore offers less protection than would be consistent with federal law, was application of an improperly stated rule of law which narrowed the federal protection afforded Forgues in enforcing the FDCPA. SPS also does not demonstrate how applying res judicata under state law doesn't make the phrase "whether or not such obligation has been reduced to judgment" in § 1692a(5) **superfluous**. <u>See</u> Appellant's Brief at 17.

6

**D.      Forgues' Rescission under Truth in Lending Act: SPS's argument and case cites depart from the plain and unambiguous language of § 1635.**

SPS argues that nothing in <u>Jesinoski</u> changed what a consumer must show in order to be entitled to rescission, and that Forgues cites no cases to the contrary. <u>See</u> Appellee's Brief at 17-18. Forgues strictly relies on the unambiguous language of § 1635, as did the Supreme Court in <u>Jesinoski</u>. First, there is nothing to "show" in order for Forgues' mailed notice of rescission to be effective because "showing" necessarily comes in a judicial challenge by the creditor within 20 days, which did not commence. <u>See</u> Appellant's Brief at 19. Forgues never argued that her rescission is not revocable by a court, but that did not happen here. Second, without any hindrance of preclusion as explained above, and in the absence of "the creditor to whom the debt is owed," Forgues was free to rely on her rescission outside of court as a basis to enforce remedial provisions of the FDCPA. <u>See</u> Appellant's Brief at 19-20.

**II.      THE DISTRICT COURT IMPROPERLY GRANTED SUMMARY JUDGMENT ON THE FCRA FAILURE TO CONDUCT A REASONABLE INVESTIGATION CLAIM.**

SPS argues in its Brief at 22 that Forgues misconstrues the applicability of the definition of "account" in the FCRA, and that courts addressing the scope of the definition of account under the FCRA have done so in the context of permissible purpose cases, and nevertheless rejected the narrow interpretation advocated by

Forgues. SPS's argument is incorrect and legally insufficient. The District Court did not apply § 1681b(a)(3)(A) to the undisputed facts, and therefore SPS was not entitled to summary judgment as a matter of law. Forgues' credit report showed (a) that SPS obtained her credit report to review an "account," but (b) SPS furnished information on a "loan" that does not identify her creditor. Forgues disputed the account information with the CRAs because, under § 1681b(a)(3)(A), it could not be both of the above. A reasonable investigation would have to establish the account reviewed, how it is related to the furnished information, and prove the accuracy, completeness, and verifiability of the information furnished.

SPS's argument forgets that, under Plaintiff's major premise, there is no creditor. None of the cases cited by SPS, recognizing that obtaining a consumer report for use in collecting a debt owed by the consumer is a permissible purpose, challenged whether the person to whom the debt was owed qualified as a "creditor" under the FDCPA as in this case pursuant to § 1692a or whether the communication of false credit information of an "account" implicated § 1692e(8). For instance, SPS cites to Valle v. RJM Acquisitions, LLC, 3:12-cv-00957 (D. Conn. 02/19/2015), which held:

> [I]t is not necessary for Plaintiff to have had direct dealings with Defendant.... [I]f a collection agency... is retained by a **creditor** to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use information in connection with a transaction that the consumer initiated with the **creditor**.

(Emphasis added.) SPS's <u>Allen</u>[2] cite relies on <u>Fritz</u>[3], and Forgues has already explained why <u>Harris</u> and <u>Fritz</u> are distinguishable and inapplicable, Brief at 26. All these cases depart from the plain language of the statute without any findings that the statute is ambiguous. Only <u>Bersaw</u> properly states the rule of law:

> The FCRA, which regulates access to individuals' consumer reports (commonly known as credit reports), does not permit the retrieval of a consumer report in connection with the collection of <u>any</u> debt. Rather, as the text of 15 U.S.C. § 1681b(a)(3)(A) indicates, that is permitted only when the report is to be used in connection with the collection of an "account."

<u>Bersaw v. Northland Group, Inc.</u>, No. 14-cv-123-JL, (D.N.H. 3/11/2015). Besides, the <u>Valle</u> court opined that "it would make little sense for the statute to apply only to deposit accounts" while in the next sentence admitting that "[i]t is not clear what the 'collection of' a deposit account would mean in practical terms." The <u>Valle</u> court failed to apply proper Statutory Construction.

SPS argues that the case has no applicability here but quotes from part of the 2010 opinion which stated, "if a debt has been judicially established, there is a 'credit transaction involving the consumer' no matter how it arose." That still does not mean that a "creditor" is involved. Although the Ninth Circuit *withdrew* its opinion in

---

[2] <u>Allen v. Lustig, Glaser & Wilson P.C.</u>, No. CV 15-30052-MGM, 2016 WL 54192 (D. Mass. Jan. 5, 2016).
[3] <u>Fritz v. Capital Mgmt. Servs.</u>, LP, No. 2:12-CV-1725, 2013 WL 4648370 (W.D. Pa. Aug. 29, 2013).

Pintos (2007) published at 504 F.3d 792, it did not specifically "retreat" from its prior position as to the effect of the Fair and Accurate Credit Transactions Act ("FACTA"),[4] which is not mentioned in the court's 2009 and 2010 opinions in that case. See Appellant's Brief at 27. The Court in Pintos (2010) acknowledged the following:

> In Hasbun … [w]e explicitly adopted and quoted extensively from a Federal Trade Commission commentary which made repeated reference to the permissible purpose of a "judgment creditor" to obtain a credit report. Id. at 803 ("[a] judgment creditor has a permissible purpose to receive a consumer report on the judgment debtor for use in connection with collection of the judgment debt") (emphasis added). To be sure, our opinion did not include that qualifier in every statement, but our holding involved a debt that had already been adjudicated. If a debt has been judicially established, there is a "credit transaction involving the consumer" no matter how it arose. The obligation is established as a matter of law, and the statute is satisfied.

Pintos v. Pacific Creditors Association, No. 04-17485 (9th Cir. 05/21/2010). Pintos (2010) still relies on Hasbun, an early 2003 pre-FACTA case, which in turn relied on a 2002 FTC commentary:

> Like other creditors, judgment creditors may utilize § 1681b(a)(3)(A) to access consumer reports. We think the Federal Trade Commission's (FTC) commentary is persuasive:
>
> A judgment creditor has a permissible purpose to receive a consumer report on the judgment debtor for use in connection with collection of the judgment debt, because it is in the same position as

---

[4] "FACTA makes clear that debt collection is a permissible purpose for obtaining a credit report under section 1681b(a)(3)(A) only in connection with a 'credit transaction' in which a consumer has participated directly and voluntarily." Ibid.

any creditor attempting to collect a debt from a consumer who is the subject of a consumer report. 16 C.F.R. Pt. 600, App. at 509 (2002).

Hasbun v. County of Los Angeles, 323 F.3d 801 (9th Cir. 03/20/2003). But in 2003, the Fair and Accurate Credit Transactions Act ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952 defined the terms "credit" and "account," and, for that reason stated in Appellant's Brief at 26, SPS's cases cannot be persuasive any longer with respect to a "judgment creditor" having a permissible purpose. None of those cases cited by SPS concerns a violation of § 1692e(8) (communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed) or § 1692e(10) (the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer) without a creditor as in this case.

In the end, all that Pintos decided was that, "PCA was not a judgment creditor. Its claim against Pintos did not result from a transaction initiated by Pintos. We conclude, therefore, that § 1681b(a)(3)(A) did not authorize PCA to obtain the credit report on Pintos."

Finally, SPS argues, Brief at 27 (emphasis added):

In the prior decision denying Forgues' motion for reconsideration, the District Court pointed out the flaw in Forgues' argument: "[Forgues'] arguments appear to arise from a profound point of misunderstanding: that the use of the word "accounts" on Plaintiff's own credit reports and in communications between Plaintiff and

> Defendants invokes the statutory definition." Apr. 15, 2016 Opinion & Order, R. 57, Page ID # 1201-1202. Nothing in Forgues' appellate brief fills in this gap. In addition, "[Forgues] has not shown any reason why Section 1681s-2(b) requires that a furnisher investigate whether the credit information is an "account" as defined in the FCRA."

This suit is about debt collection without a creditor. This is akin to SPS telling the consumer that Deutsche Bank is a creditor outside the statute and is not a creditor inside the statute. Congress unequivocally requires Deutsche Bank be "the creditor" in communications as well as in this Court in order for SPS to even send Forgues its first communication in compliance with 15 U.S.C. § 1692g(a)(2). Forgues points out in her Brief at 27 that she averred in her Declaration, RE 49-1 at 892, ¶ 17, that she never opened any account with either Defendant SPS or its privy Deutsche Bank, the person/entity SPS is purportedly collecting for. Did she mean an account for purposes of pulling her credit report under § 1681b(a)(3)(A) or, as the District Court stated (Appellee's Br., bottom of 26), its "standard" meaning outside of the statute itself? Congress requires an "account" as "permissible purpose" for SPS to pull Forgues' credit report and SPS had a duty under § 1681s-2(b) to reasonably investigate her dispute of that information. In reliance upon § 1681b(a)(3)(A) as raised by Forgues, whether SPS knew which definition of "account" applied to Forgues' dispute and then investigated, reasonably or not, is an issue of fact that should be left to a jury. The Court should not affirm the judgment.

### III.    FORGUES CONCEDES THAT SHE MAY HAVE MISPLACED HER ARGUMENT ON HER FDCPA CLAIM ALLEGING ABUSIVE AND HARRASIVE CONDUCT UNDER § 1692d.

SPS points out that Forgues failed to present argument that the District Court erred in granting summary judgment on her FDCPA claim under § 1692d in her initial brief before this Court, except briefly in the summary of her argument and conclusion.  Because Forgues' argument was inadvertently misplaced in the final editing of her brief, Forgues would argue that she may have failed to  bring forth this argument in the body of her initial brief except for the bold assertion in Appellant's Brief, pp. 9-10, that "[b]ecause there is no creditor of Ms. Forgues involved in the collection of the alleged debt, ___*all of SPS's communications are false and misleading representations*___; therefore; the complaint does state a plausible claim for relief under the FDCPA, more specifically §§ 1692d (conduct the natural consequence of which is to harass, oppress, or abuse any person)…"


THIS SECTION INTENTIONALLY LEFT BLANK

### CONCLUSION

For the foregoing reasons, the judgment of the District Court, dismissing Ms. Forgues' claims under 15 U.S.C. §§ 1692e, 1692g, and 1681s-2(b) (Identifying Disputed Debts), and granting summary judgment to SPS on Ms. Forgues' claims under §§ 1692d and 1681s-2(b) (Reasonable Investigation), should be reversed and

the case remanded for further proceedings.

Respectfully submitted,


By: _/s/ JOHN HERRERA_____
JOHN HERRERA, Esq.
F.B.N.: 0636320
1801 Ponce De León Boulevard
Coral Gables, FL 33134
Tel. (305) 446-1504
Fax (305) 446-1505
Attorney for Appellant.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff-Appellant, Christine J. Forgues, certifies pursuant to Fed. R. App. P. 32(a)(7)(C) that the Reply Brief of Appellant complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this Brief is 15 pages or less and, according to Microsoft Word 2011, contains 3,437 words including footnotes excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

In addition, this Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011, Times New Roman font in 14-point size, with footnotes also in Times New Roman font 14-point size.

By: _/s/ JOHN HERRERA_____
JOHN HERRERA
Attorney for Appellant.

DATED: October 14, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2016, a copy of the foregoing REPLY BRIEF OF APPELLANT CHRISTINE J. FORGUES was filed electronically with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the counsel of record.


By: _/s/ JOHN HERRERA_____
JOHN HERRERA
Attorney for Appellant.